Michael V. Severo, Esq. (SBN.: 072599)
**THE SEVERO LAW FIRM**
70 S. Lake Avenue, Ste. 945
Pasadena, CA 91101-4703
(626)844-6400
msevero@mvslaw.com

Attorneys for Defendant,
    HARSHAD SHAH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA BRANCH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HARSHAD SHAH,<br><br>    Defendant. | Case No. 10-CR-00070-CJC<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE PORTION OF TRANSCRIPT CONTAINING IRRELEVANT AND INFLAMMATORY INNUENDO PURSUANT TO FED. R. EVID. 401 AND 403; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE**<br><br>Hearing Date: 03/30/2015<br>Hearing Time: 10:00 A.M.<br>Courtroom 9B<br>    Hon. Cormac J. Carney<br><br>Time Estimate: 10 minutes |

**TO: ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on March 30, 2015, at 10:00 a.m. before the Honorable Cormac J. Carney, Courtroom 9B of the United States District Court, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant Harshad Shah will and does hereby move for an order preventing the Government from presenting

1

evidence or testimony from the portion of the recorded transcription of the January 12, 2010 monitored meeting between Defendant and IRS Revenue Agent Ham contained on page 33, line 18 through page 34, line 14.

This motion will be based upon this notice, the attached Memorandum of Points and Authorities, any evidence or argument received at the hearing on the foregoing motion, and the other pleadings and papers on file in this action.

Dated:  March 3, 2015                                        THE SEVERO LAW FIRM

                                                             By      /s/ *Michael V. Severo*
                                                                 Michael V. Severo
                                                                 Attorney for Defendant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Harshad Shah, by and through his counsel of record, hereby files this motion *in limine* requesting that the Court preclude the Government from presenting evidence or testimony referencing a small portion of the recorded January 12, 2010 meeting between defendant and IRS Revenue Agent Ham contained on page 33, line 18 through page 34, line 14 of the transcript from that meeting. See Ex. 1, Excerpt of Transcript Dated January 12, 2010. This portion of the January 1, 2010 transcript contains profane language and innuendo and is likely to offend members of the jury, particularly women jurors, for reasons entirely unrelated to the charges in this case. This portion of the transcript is neither central to the alleged charge of bribery nor probative of any of its elements. Despite its lack of relevance or probative value, the Government previously has cited this portion of the transcript with the precise aim of casting Defendant in an unappealing light. The Government should not be allowed to offer such evidence at trial for the wholly inappropriate purpose of generally prejudicing the jury against the Defendant.

To be admissible, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable." Fed. R. Evid. 401. This Circuit has held that "the probative value of evidence against a defendant is low where the evidence does not go to an element of the charge." *United States v. Gonzalez-Flores,* 418 F.3d 1093, 1098 (9th Cir. 2005)(citing *United States v. Ellis,* 147 F.3d 1131, 1135 (9th Cir. 1998); *United States v. Arambula-Ruiz,* 987 F.2d 599, 604-605 (9th Cir. 1993) The evidence Defendant now seeks to exclude does not go to an element of the charge in this case. Defendant's statements in the portion of the January 12, 2010 transcript in which he suggests that Revenue Agent Ham take a young woman to Hawaii simply do not provide any probative evidence of whether Defendant committed bribery as alleged. Moreover, these statements are of little to no consequence to any of the facts in issue. As such, exclusion of this evidence on relevance grounds would be appropriate and within this Court's discretion.

Furthermore, even if marginally relevant, such evidence would be introduced not for any probative value, but simply as evidence of bad character calculated to inflame the jury. Even relevant evidence should be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed. R. Evid. 403. This Court enjoys broad discretion to determine whether evidence is relevant, but that discretion is not unlimited and it is an abuse of discretion to admit evidence where its probative value is outweighed by the danger of creating unfair prejudice. *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992).

In *Hitt,* the Ninth Circuit reversed defendant's conviction for possessing an unregistered machine gun based on the district court's admission of a photograph depicting the alleged machine gun together with several other weapons owned by the defendant's roommate. The Ninth Circuit found that the photograph's probative value was exceedingly small given that the outer appearance of the gun revealed nothing about whether the gun actually fired as a machine gun. At the same time, the Court noted that people often have negative visceral reactions to guns, and that potential prejudice was heightened by the introduction of a picture of multiple guns.

In *Gonzalez-Flores,* defendant was charged with bringing twenty-three Mexican nationals into the United States illegally. The group ran out of water during their day and a half trip through the desert, and two girls in the group suffered heat stroke as a result. The trial court initially agreed that any evidence regarding the injuries sustained by the girls should only be presented at sentencing as it would be prejudicial at trial, but later revisited the issue and allowed the government "to get into some of that evidence, about the results of what happened." *United States v. Gonzalez-Flores,* 418 F.3d 1093, 1097 (9th Cir. 2005). The Ninth Circuit found the district court had erred in allowing the government to introduce testimony that indicated the girls had suffered heat stroke as a result of the defendant's actions in leading them across the border, making clear that such evidence did nothing to

establish the elements of the crime with which the defendant was charged. The court noted that, as a logical matter, the fact that the girls suffered heat stroke did not affect the probability that defendant had violated the law, and was instead "a mere detail in the story of the offense." *United States v. Gonzalez-Flores,* 418 F.3d1093, 1098 (9th Cir. 2005).

Similalry, the lewd comments made by Defendant on the recorded transcription of the January 12, 2010 meeting are a mere detail in the story of the alleged offense with which Defendant Shah is charged. In such a case, "where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *Gonzalez-Flores,* 418 F.3d 1093, 1098 (9th Cir. 2005 (quoting *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992)). Here, the mere extraneous dialogue between Defendant Shah and Revenue Agent Ham that Defendant seeks to exclude is surely a less consequential detail than the evidence the Ninth Circuit deemed error to admit in both *Hitt* and *Gonzales.*

Inclusion of such evidence would likely create "an undue tendency to suggest decision on an improper basis" — precisely what Rule 403 is intended to prevent. Rule 403 Advisory Committee Notes. "Unfair prejudice is measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable." *United States v. Johnson,* 820 F.2d 1065, 1069 (9th Cir. 1987) Rule 403, therefore, requires a balancing of potential prejudice versus probative value particularly because there are certain types of evidence "which make conviction more likely because it provokes an emotional response in the jury or otherwise tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Johnson,* 820 F.2d 1065, 1069 (9th Cir. 1987) (quoting *United States v. Bailleaux,* 685 F.2d 1105, 1111 (9th Cir. 1982)).

The evidence Defendant seeks to exclude through this Motion fits squarely within these parameters. The comments in the portion of the transcript Defendant asks this Court to exclude could invoke strong negative visceral reactions among the members of the jury. These reactions would likely color the jury's view of the Defendant in a way that could

impact their ultimate decision in the case, despite the fact that such comments are entirely unrelated to the charge in this case and immaterial to any element thereof. In short, inclusion of this small portion of the transcript would in no way alter the burden of proof in this case, but would unnecessarily introduce potential prejudice that could improperly impact the result in this case.

The likelihood that reference to the language Defendant seeks to exclude would offend some or all members of the jury, particularly female jurors, and thereby prejudice the jury against the Defendant, is high enough to outweigh the minimal (if any) probative value of that portion of the transcript. The Government's prior citations to this very minor detail of the story tend to confirm the view that such evidence is prejudicial, as it serves little to no purpose in proving an element of the charged offense and can only be of interest for its offensive nature. There is simply no reason to risk creating "an undue tendency to suggest decision on an improper basis," where the evidence at issue is of such questionable or negligible probative value.

For the above reasons, and any other argument or evidence that may be offered at a hearing on this matter, Dr. Harshad Shah and his counsel request the Court preclude the Government from admitting or citing as evidence the portion of the recorded transcription of the January 12, 2010 monitored meeting between Defendant and IRS Revenue Agent Ham, contained on page 33, line 18 through page 34, line 14 of the transcript.

Respectfully submitted,

Dated: March 3, 2015               THE SEVERO LAW FIRM


By   /s/ *Michael V. Severo*
    Michael V. Severo
    Attorney for Defendant